UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. STEVEN MICHAEL GILLON )<br>110 Washington Avenue #1724 )<br>Miami Beach, FL 33139 )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>U.S. DEPARTMENT OF HOMELAND )<br>  SECURITY )<br>245 Murray Lane, S.W. )<br>Washington, DC 20528, )<br> )<br>U.S. DEPARTMENT OF STATE )<br>2201 C Street, N.W. )<br>Washington, DC 20520, )<br> )<br>And )<br> )<br>U.S. DEPARTMENT OF JUSTICE )<br>935 Pennsylvania Ave., N.W. )<br>Washington, D.C. 20530, )<br> )<br>    Defendants. )<br>_____) | Civil Action No._____ |

**COMPLAINT FOR DECLARATORY JUDGMENT
<u>AND INJUNCTIVE RELIEF</u>**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, as well as agency FOIA regulations, 43 CFR § 2 *et seq.* challenging the failure of the United States Department of Homeland Security ("DHS") and its component, the United States Secret Service ("Secret Service"), United States Department of State ("State"), the Department of Justice ("Justice") and its component, the Federal Bureau of Investigation ("FBI") to fulfill the requests for information made by Dr. Steven Michael Gillon.

2. This case seeks declaratory relief that defendants are in violation of the FOIA for failing to fulfill plaintiff's requests for records, and injunctive relief that defendant immediately and fully comply with plaintiff's requests under the FOIA.

## JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 702, which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute," here the FOIA. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 703, 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Plaintiff Steven Michael Gillon is a professor of History at the University of Oklahoma. He is also the scholar-in-residence at the History Channel. Currently, Dr. Gillon is working on a biography of John F. Kennedy, Jr. ("JFK Jr.") for Random House, which will also be used in a documentary to be shown on A & E. The requests at issue in this litigation were all made in furtherance of this project.

5. Defendant DHS is an agency within the meaning of 5 U.S.C. § 552(f). The Secret Service is a component of DHS and is one of the federal agencies with possession and control of the records responsive to plaintiff's requests and is responsible for fulfilling certain of the FOIA requests of plaintiff.

6. Defendant State is an agency within the meaning of 5 U.S.C. § 552(f). Defendant State is one of the federal agencies with possession and control of the records responsive to plaintiff's requests and is responsible for fulfilling certain of the FOIA requests of plaintiff.

7. Defendant Justice is an agency with the meaning of U.S.C. § 552(f). The FBI is a component of Justice and is one of the federal agencies with possession and control of the records responsive to plaintiff's requests and is responsible for fulfilling certain of the FOIA requests of plaintiff.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

8. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

9. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

10. An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial. 5 U.S.C. § 552(a)(6)(A)(ii).

11. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

12. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

13. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered. 5 U.S.C. § 552(a)(4)(F).

14. DHS has FOIA regulations mandating its requirements to respond to FOIA requests. 6 C.F.R. Part 5 *et. seq*.

15. The State Department has FOIA regulations mandating its requirements to respond to FOIA requests. 22 C.F.R. Part 171 *et. seq*.

16. The Justice Department has FOIA regulations mandating its requirements to respond to FOIA requests. 28 C.F.R. Part 16 *et. seq*.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

### Secret Service Requests

17. By DHS FOIA Portal on February 17, 2017, plaintiff submitted a FOIA request to Secret Service seeking all records on John F. Kennedy Jr. (("Kennedy") (1960-1999)). Plaintiff sought to be classified as a member of the news media for fee classification purposes.

18. By email dated March 7, 2017, Secret Service acknowledged plaintiff's request and assigned it request number 20170961.

19. By letter dated June 8, 2017, Secret Service denied plaintiff's request stating that plaintiff conducted a reasonable search for responsive records and that no records pertaining to the request are referenced in its indices.

4

20. By letter dated June 12, 2017, plaintiff stated that despite defendant's letter of June 8, 2017, he believed additional responsive records existed.

21. By letter dated August 25, 2017, Secret Service provided a supplemental responsive to plaintiff's request. Secret Service informed plaintiff that records pertaining to President Kennedy were located at National Archives Records Group 87 and told him to contact the National Archives and the JFK Library directly[1].

22. By email dated August 29, 2017, plaintiff administratively appealed the Secret Service denial. Plaintiff stated that he is aware of the records that are available at NARA and the John F. Kennedy Library and that they do not have the records he seeks on JFK Jr., who the Secret Service protected for the first 18 years of his life.

23. By email dated September 1, 2017, Secret Service dismissed plaintiff's concerns and told him to contact the JFK Library and NARA directly.

24. Since September 1, 2017, via plaintiff's counsel, the FOIA liaison's office at Secret Service has been contacted with plaintiff's belief that records pertaining to JFK Jr. exist at Secret Service. These communications have not resulted in the release of any responsive records by Secret Service.

25. By letter dated September 20, 2017, plaintiff via counsel sought records concerning Special Agents Robert Foster ("Foster"), Lynn Meredith ("Meredith") and Jack Walsh ("Walsh"). Proofs of death of all three were provided by plaintiff.

---

[1] The plaintiff did not request records on President John F. Kennedy, the request was for records on John F. Kennedy Jr.

26. By letter dated October 19, 2017, defendant acknowledged plaintiff's requests on the three agents. Secret Service assigned request numbers FOIA #20172402 (Foster); 20172403 (Meredith); 20172404 (Walsh)[2].

27. As of the date of this Complaint, Secret Service has not released any information on the Special Agents or JFK, Jr.

### FBI Request

28. In February 2017, plaintiff requested records on JFK Jr.

29. By letter dated February 13, 2017, the FBI acknowledged plaintiff's request and assigned it request no. 13666780. The FBI further informed plaintiff that responsive records were located on its electronic FOIA library ("vault") and no further action would be taken on his request.

30. Following the February 13, 2017 letter, plaintiff administratively appealed the FBI's action to Justice's Office of Information and Policy ("OIP"). Plaintiff informed the Department of Justice that he had reviewed the records available in the FBI's vault he believed additional records are available.

31. By letter dated March 28, 2017, OIP acknowledged plaintiff's appeal and assigned it appeal number DOJ-AP-2017-003223.

32. By letter dated August 31, 2017, OIP informed plaintiff that it was remanding his request to the FBI for further processing of responsive records as well as for a further search for responsive records.

33. By letter dated October 14, 2017, the FBI informed plaintiff that it had received the remand of plaintiff's appeal.

---

[2] Plaintiff had originally submitted a request for four Special Agents on May 2, 2017. That request was denied on June 9, 2017, as no proofs of death for the four were submitted. The May 2, 2017 request is not part of this Complaint.

34. As of the date of this request no further action has been made by the FBI on plaintiff's request.

## State Department Request

35. On April 23, 2017, by online FOIA portal, plaintiff submitted a request to State on all documents "related to the son of President Kennedy." Plaintiff stated that the purpose of the request was for a biography of JFK Jr. Random House and a documentary for A&E. The time period of the request was from January 1, 1977 to present.

36. Via email dated April 23, 2017, State acknowledged plaintiff's request but provided no request number.

37. By letter dated October 23, 2017, plaintiff, via counsel, provided specific dates as to JFK Jr.'s trips abroad in 1978-79 and 1983-84. This letter and the April 23, 2017 clearly stated the subject of the request and the time frame for it.

38. By letter dated November 6, State assigned plaintiff's request Case Control Number F-2017-16473. State further stated that it could not process the request because "[y]ou have not reasonably described the records you seek in a way that someone familiar with Department records and programs could locate them (other records). No administrative appeal rights were provided.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
(Failure to Conduct an Adequate Search)

39. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

40. Plaintiff submitted requests that reasonably described the records sought and was made in accordance with the agencies published rules.

41. In response, defendants have failed to conduct searches reasonably calculated to uncover all responsive agency records.

42. Therefore, defendants have violated the FOIA's mandate to search for responsive records.  5 U.S.C. §552(a)(3)(D).

43. Plaintiff is entitled to injunctive and declaratory relief with respect to the searches for the requested records.

## CLAIM TWO
### (Failure to Produce Records Under the FOIA)

44. Plaintiff realleges and incorporates by reference all preceding paragraphs.

45. Plaintiff properly asked for records within defendants' control.

46. Plaintiff is entitled by law to access to the records requested under the FOIA, unless defendants make an explicit and justified statutory exemption claim.

47. Defendants have not produced records responsive to plaintiff's FOIA requests.

48. Therefore, defendants have violated the FOIA's mandate to release agency records to the public by failing to release the records as plaintiff specifically requested.  5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Declare that defendants have violated the FOIA and agency regulations by failing to conduct an adequate search for records responsive to plaintiff's FOIA requests;

(2) Order the defendants to immediately conduct and document an adequate search for responsive records as dictated by plaintiff's requests;

(3) Declare that the defendants have violated the FOIA by failing to lawfully satisfy plaintiff's FOIA requests;

(4) Order the defendants to release all records responsive to plaintiff's FOIA requests;

(5) Award plaintiff his reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant such other and further relief as the Court may deem just and proper.

Nov. 22, 2017

Respectfully submitted,

Scott A. Hodes
(D.C. Bar No. 430375)
P.O. Box 42002
Washington, D.C. 20015
Phone (301) 404-0502
Fax (413) 641-2833
infoprivacylaw@yahoo.com

Attorney for Plaintiff